**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4512**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

HERMINIO SOLANO-MARTINEZ,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:12-cr-00553-PMD-1)

———————

Submitted: December 19, 2013    Decided: December 23, 2013

———————

Before SHEDD, DAVIS, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herminio Solano-Martinez appeals his conviction and sixty-month sentence, following his guilty plea, to possession with intent to distribute 500 grams or more of cocaine, in violation of 18 U.S.C. § 2 (2012), 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012). Solano-Martinez's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Solano-Martinez's guilty plea and the reasonableness of Solano-Martinez's statutory mandatory minimum sentence. Solano-Martinez was notified of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

Because Solano-Martinez did not move the district court to withdraw his guilty plea, any errors in the Fed. R. Crim. P. 11 hearing are reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002); see Henderson v. Untied States, 133 S. Ct. 1121, 1126-27 (2013) (discussing plain error standard). A review of the record establishes that the district court complied with Rule 11's requirements, ensuring that Solano-Martinez's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to

which he was pleading guilty. Accordingly, we affirm Solano-Martinez's conviction.

We review a sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Id. at 51; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence imposed, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. Moreover, "[a] statutorily required sentence . . . is per se reasonable[.]" United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

Here, the district court properly calculated Solano-Martinez's Guidelines sentence, considered the § 3553(a) factors, and sentenced Solano-Martinez to a sixty-month term, the statutory mandatory minimum. We therefore conclude that Solano-Martinez's sentence is procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We

3

therefore affirm the district court's judgment. This court requires that counsel inform Solano-Martinez, in writing, of the right to petition the Supreme Court of the United States for further review. If Solano-Martinez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED